UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY L. WILLIAMS,<br><br>　　　　Plaintiff,<br>　　v.<br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. CV 10-5351-OP<br><br>MEMORANDUM OPINION; ORDER |

　　The Court[1] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[2]

///
///
///

---

　[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 8, 9.)

　[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

# I.

# **DISPUTED ISSUE**

As reflected in the Joint Stipulation, the disputed issue which Plaintiff raises as the grounds for reversal and/or remand is whether the Administrative Law Judge ("ALJ") properly determined that Plaintiff could perform his past relevant work as a child welfare case worker as it is generally performed. (JS at 3.)

# II.

# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

# III.

# **DISCUSSION**

**A.  The ALJ's Findings.**

The ALJ found that Plaintiff has the severe impairment of hypertension. (Administrative Record ("AR") at 22.) He found Plaintiff had the RFC to perform a reduced range of light work with the following limitations: lift and carry twenty

1 pounds occasionally, ten pounds frequently; stand/walk four hours in an eight-
2 hour workday; sit six hours in an eight-hour workday; and avoid temperature
3 extremes.  (Id. at 23.)
4     Relying on the testimony of the vocational expert ("VE"), the ALJ found
5 that Plaintiff was capable of performing his past relevant work as a child welfare
6 case worker (Dictionary of Occupational Titles ("DOT") No. 195.107-014).  (Id. at
7 25.)
8 **B.    Past Relevant Work.**
9     Plaintiff contends the ALJ improperly determined that he can perform his
10 past relevant work as a child welfare case worker as it is generally performed
11 because he does not possess the requisite standing or walking ability.  (JS at 5.)
12 Specifically, he argues that the ALJ's finding that he is limited to standing or
13 walking for no more than a total of four hours out of an eight-hour workday is a
14 deviation from the DOT description of that job as light work for which the ALJ
15 and the VE provided no explanation.  (Id. at 5-6.)  He claims, therefore, that the
16 ALJ failed to solicit sufficient explanation for this deviation from the DOT
17 description.  (Id. at 6.)  The Commissioner concedes that the ALJ failed to inquire
18 whether the VE's testimony conflicted with the DOT, but contends the omission
19 was harmless because there was no such conflict.  (Id. at 12-13.)  This Court
20 disagrees.
21     According to the DOT, Plaintiff's past relevant work as a child welfare case
22 worker is light, skilled work.  (AR at 66.)  In relevant part, the DOT's profile of
23 child welfare case workers notes that "a job should be rated Light Work:  (1) when
24 it requires walking or  standing to a *significant degree*."  (JS Ex. 1 at 2 (emphasis
25 added).)  The DOT does not indicate what is meant by the word "significant."  The
26 Regulations define light work in relevant part as work that requires "*a good deal
27 of walking or standing.*"  20 C.F.R. § 416.967(b) (emphasis added).  Finally,
28

Social Security Ruling ("SSR") 83-10[3] states that "*the full range* of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10 (emphasis added).

In his hypothetical to the VE, the ALJ first asked whether a claimant of the same age and education level as Plaintiff, with the ability to stand or walk six hours out of eight and a need to avoid temperature extremes, could perform his past relevant work as a child welfare case worker. (AR at 66.) The VE indicated he could. (Id.) The ALJ then asked the VE whether that same individual, limited to standing or walking four hours out of eight, could perform this past relevant work and the VE responded, "As it's commonly performed, I would say yes." (Id. at 67.) The VE did not explain how he reconciled his finding with the demands of the position as indicated in the DOT. Nor, as conceded by the Commissioner, did the ALJ inquire whether the VE's testimony was in conflict with the DOT. Massachi, 486 F.3d at 1152. Had he done so, the VE might have been able to adequately explain this seeming conflict.

SSR 00-4p requires an ALJ who takes testimony from a VE about the requirements of a particular job to determine whether that testimony is consistent with the DOT. The Ruling's language unambiguously sets out the ALJ's affirmative duty:

> When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator *has an affirmative responsibility* to ask about any possible conflict between that VE or VS evidence and information provided in the DOT. In these situations, the adjudicator

---

[3] SSRs are issued by the Commissioner to clarify the Act's implementing regulations and agency policies. Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991). Although they do not have the force of law, they are nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989); see also Massachi v. Astrue, 486 F.3d 1149, 1152 n.6 (9th Cir. 2007) (citing SSR 00-4p).

*will*:

>Ask the VE . . . if the evidence he or she has provided conflicts with information provided in the DOT; and

>If the VE's . . . evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.

SSR 00-4p (emphasis added).

While it is true that an ALJ's failure to ask a vocational expert whether testimony conflicted with the DOT is harmless error where there is no conflict or if the expert provided "sufficient support for her conclusion" (Masachi, 486 F.3d at 1153-54 & n.19), the Court cannot say with any certainty that this is the case here. As explained above, despite the ALJ's findings that Plaintiff could only stand or walk for four hours a day, the VE testified that Plaintiff could perform his past work as a child welfare case worker, a position that seems to require up to six hours of standing or walking a day. The VE provided no additional explanation or support for his conclusion. Nor did the ALJ supply any.

Based on the foregoing, because the DOT indicates that Plaintiff's past work as generally performed requires the ability to stand and or walk for six hours of an eight-hour day, and Plaintiff's RFC limits him to standing or walking for four hours in an eight-hour day, remand is warranted.

It may be that the apparent conflict between the DOT and the VE's testimony are not actual conflicts, or that any conflict may be satisfactorily resolved. On remand, the ALJ may be able to elicit testimony from the VE demonstrating either that Plaintiff's inability to stand or walk more than four hours in an eight-hour day is not actually inconsistent with the occupational definition of the job of child welfare case worker, or that some other reasoned basis exists for reconciling the apparent conflict. Accordingly, a remand for further

administrative proceedings is appropriate. Id. (vacating in part with instructions to remand where "we have an apparent conflict with no basis for the vocational expert's deviation," and therefore the court "cannot determine whether the ALJ properly relied on [the VE's] testimony"); Prochaska v. Barnhart, 454 F.3d 731, 736 (7th Cir. 2006) (reversing and remanding to permit the ALJ to resolve a "potential inconsistency" between the VE's testimony and the DOT where the claimant could not reach above shoulder level, and therefore it was not clear whether she could perform the job of cashier as defined by the DOT). If necessary, the ALJ shall proceed to step five of the sequential evaluation.

Because the ALJ erred in accepting the VE's testimony despite its conflict with the DOT, and it is not clear that the error is harmless, the case must be remanded for further proceedings consistent with this Opinion.

### IV.

### ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED THAT Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

Dated: March 17, 2011

HONORABLE OSWALD PARADA
United States Magistrate Judge